The STATE of Ohio, Appellant,

v.

KOCH, Appellee.

[Cite as *State v. Koch* (1996), 108 Ohio App.3d 572.]

Court of Appeals of Ohio,
Twelfth District, Brown County.

No. CA95–09–015.

Decided Jan. 22, 1996.

*R. Alan Corbin,* Brown County Prosecuting Attorney, and *Stephen J. Tissandier,* Assistant Prosecuting Attorney, for appellant.

*Bruce S. Wallace,* for appellee.

KOEHLER, Judge.

Defendant-appellee, Marilyn Koch, was arrested on August 27, 1994 and charged with driving under the influence in violation of R.C. 4511.19(A)(1)(3). Appellee filed a motion to suppress, arguing that the results of her breath test were rendered unreliable by the Mt. Orab Police Department's failure to comply with Ohio Adm.Code 3701–53–02(C) requirements for radio frequency interference ("RFI") testing within the environment of the breath-testing instrument.

The Brown County Court granted appellee's motion and the state appeals. We affirm.

An RFI survey determines whether there is any interference from radios transmitting within thirty feet of the breath-testing instrument. Where radios are capable of multiple band transmission, which includes HF, VHF and UHF bands, each band is to be tested. Ohio Adm.Code 3701–53–02(C). Although the police radios in this case are capable of multiple band transmission, RFI testing was conducted only on the HF band used by the police department. The state argues that the police department substantially complied with the requirements of Ohio Adm.Code 3701–53–02(C).

This court addressed the issue of substantial compliance with RFI survey requirements in *State v. Massie* (Apr. 11, 1994), Clinton App. Nos. CA93–07–018, CA93–07–019, CA93–07–020 and CA93–07–021, unreported, 1994 WL 123797. In *Massie,* police conducted an RFI survey on two out of the three radio bands. We concluded that "[s]ince all three bands were not tested, the state did not demonstrate substantial compliance with Ohio Adm.Code Section 370153–02." *Id.*

In the instant case, only one radio band was tested. Therefore, the test was not administered in substantial compliance with the methods prescribed by the Ohio Director of Health, as set forth in Ohio Adm.Code 3701–53–02(C). See *id.* Accordingly, appellee's motion to suppress the results of the breath test was properly granted by the Brown County Court.

The assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WALSH, P.J., and POWELL, J., concur.