**The STATE of Ohio, Appellant,**

**v.**

**OWEN, Appellee.**

[Cite as *State v. Owen* (1996), 114 Ohio App.3d 226.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA95–12–120.

Decided Sept. 23, 1996.

*Timothy A. Oliver*, Warren County Prosecuting Attorney, and *Carolyn A. Duvelius*, Assistant Prosecuting Attorney, for appellant.

*Thomas G. Eagle*, for appellee.

WALSH, Presiding Judge.

Plaintiff-appellant, the state of Ohio, appeals a decision of the Warren County Court granting a motion to suppress evidence.

On February 19, 1995, defendant-appellee, Mark Owen, was arrested for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (A)(3). Appellee was taken to the Springboro Police Department (the "department"), where he was given a breath test. The test showed that appellee had a concentration of .152 grams of alcohol per two hundred ten liters of breath. Appellee moved to suppress the results of the test, arguing that the department did not comply with Ohio Department of Health ("ODH") regulations when it performed the requisite radio frequency interference ("RFI") surveys on the breath-testing equipment, a BAC DataMaster. Appellee argued that the department should have tested for RFI potentially emanating from a storage room located below the DataMaster and that the department did not test for interference from each of three radio bands as required by Ohio administrative regulations. The trial court granted appellee's motion, finding that "an RFI Survey of the BAC DataMaster was performed only on a horizontal plane pursuant to the Ohio Department of Health Regulations. The court further finds that an RFI Survey should have been done on the floor below the BAC DataMaster."

On appeal, appellant states that the trial court erred in granting appellee's motion to suppress. Appellant argues that the department substantially complied with ODH regulations in performing its RFI testing. We disagree.

R.C. 4511.19 requires that the analysis of bodily substances be conducted in accordance with methods approved by the Ohio Director of Health as prescribed by Ohio Adm.Code 3701–53–02(C). See, also, *State v. Massie* (Apr. 11, 1994), Clinton App. No. CA93–07–018, unreported, 1994 WL 123797. In order to comply with this administrative regulation, a breath analyzer must be tested for RFI. *Id.* at 3. The purpose of an RFI survey is to determine the amount of interference from radios transmitting within thirty feet of the breath–testing equipment. *Id.* In *Massie*, we held that Ohio Adm.Code 3701–53–02(C) requires that a separate RFI survey be performed for each of three radio bands, *i.e.*, high frequency (HF), very high frequency (VHF), and ultra high frequency (UHF). *Id.* at 4. We concluded that testing two out of three bands did not demonstrate substantial compliance with Ohio Adm.Code 3701–53–02(C). *Id.*

In this case, although the UHF and VHF radio bands were tested, there is no evidence in the record that any RFI survey was done of the HF radio band. Therefore, the department did not substantially comply with Ohio Adm.Code 3701–53–02(C) and the trial court's decision granting appellee's motion to suppress was proper.

Although we affirm the decision of the trial court, we do so on different grounds. An appellate court may decide an issue on a different basis from that

used by the trial court as long as the evidentiary basis employed by the court of appeals was adduced before the trial court and is part of the record below. *State v. Peagler* (1996), 76 Ohio St.3d 496, 668 N.E.2d 489, paragraph one of the syllabus. We feel compelled to note our disagreement with the novel proposition adopted by the trial court that RFI testing should be required to be done on a vertical as well as a horizontal plane. Ohio Adm.Code 3701–53–02(C) states that RFI surveys "shall be performed in accordance with the instructions on the form set forth in appendix H * * *." Appendix H gives no indication that testing is required to be done on a vertical plane.

■ Moreover, the burden is on the accused to come forward with evidence that a radio was broadcast within the thirty-foot radius around the instrument during the accused's tests. *State v. Adams* (1992), 73 Ohio App.3d 735, 744, 598 N.E.2d 176, 182. Appellee presented no evidence that radio interference emanated from the room below the machine during his breath test.

The assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER and WILLIAM W. YOUNG, JJ., concur.