OPINION
Defendant-appellee, Gordon J. Gaebel, was arrested for driving under the influence of alcohol in violation of Hamilton City Ordinances 333.03(A)(1) and 333.03(A)(3). At the Hamilton Police Department (the "department"), Gaebel consented to a breath test. He moved to suppress the results of the test, arguing, in part, that the test was unreliable because the department failed to comply with the Ohio Adm. Code 3701-53-02(C). Gaebel asserted that Ohio Adm. Code 3701-53-02(C) requires police to perform a survey to detect radio frequency interference ("RFI") on three radio frequency bands: the high frequency (HF) band, the very high frequency (VHF) band, and the ultra high frequency (UHF) band. It is undisputed that the Hamilton Police Department surveyed only the VHF band prior to administering Gaebel's breath test. The Hamilton Municipal Court granted Gaebel's motion to suppress. Plaintiffappellant, the City of Hamilton, appeals. We affirm.
In its first assignment of error, the city asks us, essentially, to reverse the position that we have taken in prior cases involving RFI testing of breath-test machines. We have held previously that substantial compliance with Ohio Adm. Code3701-53-02(C) requires police to test all three bands. See State v. Massie (Apr. 11, 1994), Clinton App. No. CA93-07-018, unreported; State v. Koch (Jan. 22, 1996), Brown App. No. CA95-09-015, unreported; State v. Rooney (Sept. 23, 1996), Butler App. No. CA96-01-020, unreported; State v. Owen.(Sept. 23, 1996), Warren App. No. CA95-12-120, unreported. The city argues that this requirement amounts to "legislat[ing] by judicial fiat" because the regulations require only that one band be tested.
R.C. 4511.19(D) authorizes the use of breath tests as evidence in a prosecution for drunken driving. "R.C. 4511.19 is a strict liability statute in which the accuracy of the breath-test results are of paramount importance in determining a defendant's guilt or innocence." Massie at 4; Rooney at 6.
The purpose of the RFI survey is "to determine whether the environment in which the [breath-testing] instrument operates contains electromagnetic or radio interference that may affect operation of the breath-testing instrument." State v. Yoder (1993), 66 Ohio St.3d 515, 518 quoting State v. Adams (1992),73 Ohio App.3d 735. The environment or "RFI-affected zone" is the horizontal plane comprising a thirty-foot radius around the instrument. Ohio Adm. Code 3701-53-02(C); Owen at 4.
Ohio Adm. Code 3701-53-02(C) requires an RFI survey on a BAC Datamaster[1] to be "performed in accordance with the instructions on the form set forth in appendix H * * *." Appendix H sets forth the following instructions: (1) "If radios are capable of multiple band transmission, each band is to be tested;" and, (2) "[t]est mobile radio if transmitter antenna can be positioned within 30 feet from instrument."
The record in this case is silent as to whether Hamilton Police Department radios are capable of multiple band transmissions. As for mobile radios, however, Lieutenant Michael Collopy of the Hamilton Police Department testified at the suppression hearing that members of the Ohio State Highway Patrol occasionally come into the department and that they carry radios that transmit on a "different" band[2] from those used by the department. In addition, members of the Butler County Sheriff's Department, and representatives of "all kinds of township agencies" come into the Hamilton Police Department carrying radios. Collopy testified that he did not know which bands such radios use. A map of the department shows that there are several rooms and hallways within thirty feet of the BAC Datamaster that cannot be seen by the accused or by the officer administering the breath test. Collopy also stated that "anybody" could be within thirty feet of the machine at the time a test was being administered and the officer giving the test would not be aware of them. Collopy did not know who was in the department at the time Gaebel took his test, nor could he say whether there were any radios present.
We reasoned in Massie that if all three bands were not tested, interference could go undetected, resulting in inaccurate test results. This case illustrates that possibility. Here, it would be possible for the transmitter antennae of mobile radios[3] to be positioned within thirty feet of the breath-testing instrument at the time of a breath test. Because of the layout of the department, it appears that the presence of a mobile radio could easily go undetected by the officer administering the test. Moreover, it is possible that such radios transmit on the HF or UHF frequencies. Thus, failing to test all three bands could potentially thwart the purpose of the RFI survey altogether. See Yoder at 518.
Accordingly, we reaffirm our previously-stated position. To ensure that the thirty-foot radius surrounding a breath-test instrument is free from radio interference, police are required to test for RFI on a horizontal plane and on the HF, VHF, and UHF radio bands. Such testing constitutes substantial compliance with Ohio Adm. Code 3701-53-02(C)(2). Massie at 4; Rooney at 6. See, also, State v. Koch (Jan. 22, 1996), Brown App. No. CA95-09-015, unreported. The city's first assignment of error is overruled.
In the second assignment of error, the city argues that the trial court erred by failing to require Gaebel to demonstrate that RFI that affected the reliability of his breath test was actually present. In light of our decision on the first assignment of error, the issue presented in the second assignment of error is rendered moot.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] The breat-test machine at the Hamilton Police Department is a BAC Datamaster.
[2] The record does not indicate which band.
[3] We understand the term "mobile radio" to mean both car radios and hand-held radios carried by police and other law enforcement or administrative personnel.