OPINION
On November, 7, 1996, appellant, Robert Dugan, was stopped and arrested for driving while under the influence, in violation of R.C. 4511.19(A)(1) and (A)(3). He was taken to the Vermilion Police Department where he voluntarily submitted to a breath test. The test resulted in a reading of .152 BAC, beyond the statutory limit of .100.
Appellant initially pled not guilty to the charges. Prior to trial, appellant moved to exclude the breath test on the basis that radio frequency interference could have caused an inaccurate reading on the intoxilyzer unit. After conducting a hearing, the trial court denied appellant's motion in limine. Thereafter, appellant pled no contest and was found guilty of R.C.4511.19(A)(3), operating a motor vehicle with a prohibited blood/alcohol concentration. Appellant now appeals that decision, setting forth the following sole assignment of error:
"ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS BY ERRONEOUSLY FINDING THE STATE HAD COMPLIED WITH THE OHIO DEPARTMENT OF HEALTH REGULATIONS."
A motion in limine is treated as a motion to suppress in the context of an accused who pleads no contest but preserves the right to appeal the admissibility of evidence. State v. Ulis
(1992), 65 Ohio St.3d 83, 85. The standard of review is the same as that which applies to the admissibility of evidence: that is, whether the trial court abused its discretion. State v. Ford
(Feb. 7, 1997) Lucas App. No. L-96-014, unreported; CincinnatiIns. Co. v. General Motors Corp. (Oct. 28, 1994), Ottawa App. No. 94-OT-017, unreported. An abuse of discretion "connotes more that an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151, 157.
At the time of appellant's arrest, O.A.C. 3701-53-02(C) provided, in pertinent part, that:
 "(C) A radio frequency interference (RFI) survey shall be performed by a senior operator for each breath testing instrument listed in paragraphs (A)(1) to (A)(3) and (A)(5) to (A)(7) of this rule that is in operation at each breath testing site. * * *
 "(1) Radio transmitting antennae shall not be used within any RFI affected zone during the conduct of a subject test or a calibration check. No radio transmitting antennae that have not been subjected to an RFI survey shall be used within thirty feet of the breath testing instrument during conduct of a subject test or a calibration check."
If nearby radios are capable of multiple band transmission, including HF, VHF, and UHF, each band is to be tested to meet substantial compliance standards. State v. Koch (1996), 108 Ohio App.3d 572,573.
In order to overcome a motion to suppress/in limine, the prosecution must establish that the intoxilyzer and RFI detector were in proper working condition at the time of the defendant's test. See Greenville v. Holzapfel (1993), 85 Ohio App.3d 383,389. However, where an RFI detector is tested weekly and is found to be operating properly, it is presumed that the detector was working properly between those tests. State v. Symes (1994),96 Ohio App.3d 156, 159. In order to rebut this presumption, an accused must then present evidence that radio interference occurred at the relevant time and was not, in fact, detected.Greenville, supra; Symes, supra.
In the present case, Sergeant Ken A. Jones, senior operator of the intoxilyzer unit, testified at the motion hearing that both the intoxilyzer and RFI detector were tested on all three bands on a weekly basis. He stated that if RFI is detected, the machine aborts the test and indicates that interference has occurred. Sgt. Jones stated that during the week preceding and after appellant's breath test, the units were working properly. He also confirmed that no RFI was detected or indicated at any time during appellant's test. Therefore, a presumption existed in this case that the RFI detector was working properly at the time of appellant's breath test and that the results were not affected by any RFI. Thus, the burden then shifted to appellant to show that the detector was not working. However, the record shows that appellant provided no specific evidence in rebuttal of this presumption, i.e., that any prohibited radio transmissions had occurred which were not detected. Therefore, the trial court did not abuse its discretion in denying appellant's motion in limine.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Vermilion Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 George M. Glasser, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.