DECISION AND JOURNAL ENTRY
Appellants-defendants Oatey Co. and Gary A. Oatey (collectively "Oatey") appeal an order of the Medina County Court of Common Pleas vacating summary judgment in their favor. This Court affirms.
 I.
The instant case has a circuitous procedural posture.
On October 25, 1996, appellee-plaintiff RPM, Inc. ("RPM") filed a complaint against Oatey alleging misappropriation of trade secrets and other related claims. On May 6, 1997, Oatey moved for summary judgment. Summary judgment was granted in favor of Oatey on July 11, 1997.
On July 22, 1997, without any notice to the parties, the trial court vacated the grant of summary judgment sua sponte. Oatey appealed that order to this Court.
In RPM, Inc. v. Oatey Co., et al. (Dec. 9, 1998), Medina App. No. 2745-M, unreported, this Court reversed, holding that the trial court may not sua sponte, without any notice to the parties, substantively modify its order of summary judgment under Civ.R. 60(A).
On December 15, 1998, RPM filed a motion for relief from judgment. Oatey replied in opposition to the motion. On January 27, 1999, the magistrate granted the motion. On March 12, 1999, the trial court adopted the magistrate's decision and granted RPM's motion for relief from judgment.
Oatey appeals, assigning four errors.
 II. ASSIGNMENT OF ERROR I THE TRIAL COURT IMPERMISSIBLY CIRCUMVENTED THIS COURT'S DECEMBER 9, 1998, SPECIAL MANDATE BY VACATING THE JULY 11, 1997, JUDGMENT.
In their first assignment of error, Oatey claims that the trial court's order granting RPM's motion for relief from judgment violates the mandate issued by this Court in RPM. Oatey claims that the trial court violated "the explicit directive of this Court." This Court disagrees.
Oatey has mischaracterized the holding of this Court in RPM. The narrow holding in RPM was that it was improper for the trial court to sua sponte, without any notice to the parties, substantively modify its order of summary judgment under Civ.R. 60(A). After remand, the trial court followed this Court's mandate by entertaining RPM's Civ.R. 60 motion and Oatey's response, and ultimately granting relief from the judgment based on Civ.R. 60(A), (B)(1) and (5), and not just Civ.R. 60(A). This appeal arises then under a different procedural footing than RPM. Accordingly, Oatey's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ABUSED ITS DISCRETION IN VACATING THE JULY 11 JUDGMENT UNDER RULE 60(A) OF THE RULES OF CIVIL PROCEDURE.
 ASSIGNMENT OF ERROR III THE TRIAL COURT ABUSED ITS DISCRETION IN VACATING THE JULY 11 JUDGMENT UNDER RULE 60(B)(1) OF THE RULES OF CIVIL PROCEDURE.
 ASSIGNMENT OF ERROR IV THE TRIAL COURT ABUSED ITS DISCRETION IN VACATING THE JULY 11 JUDGMENT UNDER RULE 60(B)(5) OF THE RULES OF CIVIL PROCEDURE.
The foregoing assignments of error are treated together as they raise similar issues of law and fact.
In their second assignment of error, Oatey claims that the trial court erred when it granted relief from summary judgment pursuant to Civ.R. 60(A). Pursuant to the reasons set forth by this Court in RPM, Civ.R. 60(A) is meant to resolve clerical mistakes, not substantive changes where the court changes its mind due to a legal or factual mistake, or a desire to exercise its jurisdiction in a different manner. Therefore, it was improper for the trial court to conclude that Civ.R. 60(A) provided a basis to grant relief from summary judgment.
However, it is axiomatic that a judgment will be affirmed where the order was ultimately correct as a matter of law, but the reason supporting the judgment is erroneous. State v. Owen (1996),114 Ohio App.3d 226, 228-229, citing State v. Peagler (1996),76 Ohio St.3d 496, paragraph one of the syllabus. Therefore, we proceed to review Oatey's third and fourth assignments of error.
In Oatey's third and fourth assignments of error, Oatey claims that the trial court erred when it granted relief from its order of summary judgment pursuant to Civ.R. 60(B)(1) and (5). This Court disagrees.
The standard governing a motion for relief from judgment under Civ.R. 60(B) is set forth by the Ohio Supreme Court in GTEAutomatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, which provides:
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
All three requirements must be satisfied before a Civ.R. 60(B) motion can be granted. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20.
"While a party may have a possible right to file a motion to vacate a judgment up to one year after the entry of judgment, the motion is also subject to the `reasonable time' provision."Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 106. In the instant case RPM filed its motion for relief from judgment on December 15, 1998, merely six days from the date this Court issued its opinion in RPM. This Court the lapse of a mere six days renders RPM's Civ.R. 60 motion to be filed within a reasonable time.[1]
Upon review, this Court finds that RPM has presented a primafacie claim of misappropriation of trade secrets, fraud in the inducement, breach of contract, and breach of fiduciary obligation. Accordingly, this Court concludes RPM has presented a potentially "meritorious claim."
Lastly, this Court turns to the question of whether the trial court properly granted relief from judgment pursuant to Civ.R. 60(B)(1) and (5). Civ.R.60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, * * * or (5) any other reason justifying relief from the judgment.
Civ.R. 60 seeks to resolve the competing principles that litigation must be brought to an end and that justice should be done. Colley v. Bazell (1980), 64 Ohio St.2d 243, 248. Civ.R. 60 is a remedial measure, and, therefore, should be liberally construed in order to advance these objectives.Id. Matters of an extraordinary nature fall within the umbrella of Civ.R. 60(B)(5). Whitt v. Bennett (1992),82 Ohio App.3d 792, 797.
In the instant case, the trial court granted relief from judgment after concluding that the trial court had (by a different judge) unintentionally issued an order of summary judgment, despite the fact that the court had pledged not to do so until "meaningful discovery," was conducted by the parties. As a result of issuing the order of summary judgment before "meaningful discovery," was conducted, the trial court concluded that "RPM was thereby deprived of any meaningful opportunity to conduct discovery to oppose Oatey's Summary Judgment Motion and to subject the claims made in Oatey's Motion to proper judicial scrutiny." The trial court did not abuse its discretion in rectifying the order of summary judgment in the interests of justice.
On the facts of this particular case, the trial court acted within its discretion to grant relief from judgment. Accordingly, Oatey's second, third, and fourth assignments of error are overruled.
 III. Oatey's first, second, third, and fourth assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT, SLABY, P. J., WHITMORE, J., CONCUR.
[1] This court concludes that for purposes of this unique case, the pendency of the appeal in RPM is best viewed as tolling the time for RPM to file its Civ.R. 60 motion "within a reasonable time." GTE, supra, at paragraph two of the syllabus. See, generally, Wells v. Spirit Fabricating, Ltd. (1996), 113 Ohio App.3d 282,290. This conclusion is reached not merely for the fact that a direct appeal was pending, but rather because the appeal in RPM was over a grant of relief from judgment made suasponte by the trial court. To expect parties to litigate relief from judgment after the trial court has already entered such an order would be to give judicial imprimatur to an absurdity.