OPINION
Defendant-appellant James Stran appeals the decision of the Struthers Municipal Court which denied his motion to suppress the results of a breath test in his driving under the influence case. For the following reasons, the trial court's judgment is reversed and this cause is remanded.
 STATEMENT OF THE CASE
Appellant was stopped by a police officer from the City of Struthers on May 24, 1997 for failure to yield the right of way in violation of Struthers City Ordinance Section 333.16. He consented to a breath test on an Intoxilyzer 5000 which produced a reading of .156. He was then charged with operating a motor vehicle while under the influence of alcohol in violation of Section 333.01 Al and operating a motor vehicle with a prohibited level of alcohol in violation of Section 333.01 A3.
After waiving his right to a speedy trial, appellant filed a motion to suppress alleging in pertinent part that the radio frequency interference (RFI) survey was incomplete and thus the resulting breath test was unreliable. A suppression hearing was held on October 7, 1998. Because the court could not locate the tape of this suppression hearing, the parties submitted to this court an agreed statement of facts pursuant to App.R. 9(D).[1] The following paragraph summarizes the evidence presented at the hearing as stipulated by the parties in the agreed statement.
Captain Tim Roddy testified that he conducted an RFI survey of the breath testing machine in question on October 11, 1996. He was required to do the survey because the machine had been relocated. See Ohio Adm. Code 3701-53-02(C)(2)(a). Captain Roddy stated and the test form established that he only tested the very high frequency (VHF) band. He did not test the high frequency (HF) or ultra high frequency (UHF) bands. According to Captain Roddy, Ohio State Highway Patrol troopers frequent the Struthers Police Department while carrying radios that transmit on the HF band. Moreover, numerous officers, including officers on duty at the time of appellant's arrest, carry cellular phones. Captain Roddy testified that cellular phones transmit an identifying signal every five minutes and operate on a band which he did not test during the RFI survey. Appellant submitted certain Federal Communications Commission regulations as exhibits to establish that cellular phones operate in the UHF band.
On October 30, 1998, the motion to suppress on RFI grounds was denied. In December 1998, appellant pled no contest to operating a motor vehicle with a prohibited level of alcohol and was sentenced accordingly. The record demonstrates that the failure to yield charge was dismissed with the state's consent. Appellant filed timely notice of appeal, submitting his appellate brief in August 1999. The state failed to file a response brief.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error provides:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED DEFENDANT'S MOTION TO SUPPRESS THE BREATH TEST RESULTS WHERE THE STATE FAILED TO SUBSTANTIALLY COMPLY WITH OHIO DEPARTMENT OF HEALTH REGULATIONS FOR BREATH TESTING INSTRUMENTS BY FAILING TO TEST ALL THREE RADIO FREQUENCY BANDS."
Breath test results are not admissible if the state fails to substantially comply with Department of Health (DOH) regulations concerning administration of the test. Defiance v. Kretz (1991),60 Ohio St.3d 1, 3. The DOH promulgated rules regarding the RFI survey in order to ensure reliable breath test results by protecting the results from radio frequency interference. Pursuant to Ohio Adm. Code 3701-53-02(C)[2], an RFI survey shall be performed in accordance with the instructions on the form set forth in appendix H. Appendix H states in relevant part, "[i]f radios are capable of multiple band transmission, each band is to be tested." The three bands of transmission are HF, VHF and UHF. See Ohio Adm. Code 3701-53-02(C)(2)(c)
This court has ordered suppression in cases where the RFI survey failed to test all three bands. State v. Turner (Aug. 22, 1994), Columbiana App. No. 92C71, unreported; State v. Lefebvre
(Mar. 14, 1994), Columbiana App. No. 92C72, unreported. The Twelfth Appellate District has also repeatedly ordered suppression in cases where less than three bands were tested. See, e.g., Statev. Gaebel (1997), 122 Ohio App.3d 688, 690-691; State v. Massie
(Apr. 11, 1994), Clinton App. No. CA9307018, CA9307019, CA9307020, CA9307021, unreported. That district found a lack of substantial compliance where only one band was tested and testimony established that the Highway Patrol, who used a different band, frequented the station. Id. (stating that due to the evidence presented, "if all three bands were not tested, interference could go undetected, resulting in inaccurate test results"); State v.Rooney (Sept. 23, 1996), Butler App. No. CA9501020, unreported.[3]
In the case at bar, the state concedes that the RFI survey only encompassed the VHF band. The state concedes that Highway Patrol troopers frequent the Struthers Police Department and that their radios operate on the HF band. The state also admits that numerous Struthers police officers carry cellular phones which operate on the UHF frequency. Hence, multiple bands of radio frequency travel through the Struthers Police Department. As a result, the RFI survey covering solely the VHF band did not constitute substantial compliance with Ohio Adm. Code 3701-53-02(C) and Appendix H as they existed at the time of this case. As a result, the trial court erred in denying appellant's motion to suppress the results of his breath test. See Defiance,60 Ohio St.3d at 1 (stating that substantial compliance is necessary before breath test results are admissible)
For the foregoing reasons, the judgment of the trial court is hereby reversed and this cause is remanded to the trial court with orders to vacate appellant's plea and suppress the breath test results.
 _____________ VUKOVICH, J.
Cox, P.J., concurs, Waite, J., concurs.
[1] This court is compelled to point out that we have noticed a disturbing pattern concerning the Struthers Municipal Court's failure to preserve tapes which constitute recorded proceedings. See City of Struthers v. Harshbarger (Dec. 27, 1999), Mahoning App. No. 98CA253, unreported, fn. 1, where we warned that we would not hesitate to reverse for new proceedings where the trial court loses or prematurely erases recorded proceedings.
[2] Since the time of appellant's arrest, the requirements of this regulation have been superseded by a new regulation effective July 7, 1997.
[3] The Ohio Supreme Court almost addressed the RFI band testing issue when the Twelfth District certified a conflict betweenRooney and the Fourth District's case of State v. Adams (1992),73 Ohio App.3d 735. State v. Rooney (1997), 77 Ohio St.3d 1546
(accepting the certification). However, the case was dismissed when appellant failed to file a brief. Rooney, 78 Ohio St.3d 1447.