[Cite as *State ex rel. Tobias v. Fuerst*, 2022-Ohio-3556.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. JEFFREY TOBIAS,  :

    Relator,  :

    v.  :  No. 111836

JUDGE NANCY FUERST,  :

    Respondent.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DISMISSED
**DATED:** October 3, 2022

---

Writ of Mandamus
Motion No. 557585
Order No. 558314

---

### *Appearances:*

Jeffrey Tobias, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} On August 12, 2022, the relator, Jeffrey Tobias, commenced this mandamus action against the respondent, Judge Nancy Fuerst, to compel the judge to grant him the requested jail-time credit, or in the alternative, provide findings of

fact and conclusions of law for the denial of the jail-time credit in the underlying case, *State v. Tobias,* Cuyahoga C.P. No. CR-92-280249-ZA. On August 24, 2022, the respondent judge filed a motion to dismiss. Tobias never filed a response. For the following reasons, this court grants the motion to dismiss and dismisses the application for a writ of mandamus.

{¶ 2} In early 1992, Tobias was arrested and indicted on multiple counts, including aggravated murder and aggravated burglary. He alleges that he spent 178 days in jail during this time before posting bond. He then went to New York where he was tried and convicted on unrelated murder and robbery charges and was sentenced to 25 years to life. He further alleges that he waited 841 days before being extradited back to Ohio for trial in the underlying case. He also claims that he spent another 172 days awaiting that trial until September 21, 1995, at which time he pled guilty to voluntary manslaughter with a firearm specification and attempted aggravated murder. The trial court sentenced him to three years on the firearm specification consecutive to 10 to 25 years on each of the two convictions. Those were to be served concurrently to each other but consecutive to the New York sentence. He was then returned to New York.

{¶ 3} On December 26, 2017, Tobias finished serving his New York sentence, and he was extradited back to Ohio to serve his sentence in the underlying case. He claims that he spent 17 days in the Cuyahoga County Jail before being sent to prison. Thus, he claims he is entitled to 1,207 days of jail-time credit, but only received four days.

{¶ 4} On May 27, 2022, Tobias filed a motion for jail-time credit, which the respondent judge denied on June 1, 2022. Tobias appealed that decision on June 30, 2022, *State v. Tobias,* 8th Dist. Cuyahoga No. 111673. Tobias then commenced this mandamus action.

{¶ 5} The requisites for mandamus are well established: the relator must show by clear and convincing evidence (1) a clear legal right to the requested relief, (2) the respondent has a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 295 N.E.2d 659 (1973); *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. Cuyahoga No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994). Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108. Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364

N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953).

{¶ 6} In *State ex rel. Sands v. Culotta,* 165 Ohio St.3d 172, 2021-Ohio-1137, 176 N.E.3d 735, ¶ 12, the Supreme Court of Ohio ruled: "Alleged errors regarding an award of jail-time credit are not cognizable in mandamus, because the inmate may raise that issue * * * in a postsentence motion to correct jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii). Because there is an adequate remedy in the ordinary course of the law, a writ of mandamus against the sentencing judge will not lie." In the present case, Tobias has exercised his adequate remedy at law by moving the trial court for jail-time credit and then appealing the denial of that motion. Thus, mandamus will not lie.

{¶ 7} Moreover, there is no duty to issue findings of fact and conclusions of law for a motion for jail-time credit. *State ex rel. McMichael v. Saffold,* 8th Dist. Cuyahoga No. 99626, 2013-Ohio-1568. Additionally, the failure to provide findings of fact and conclusions of law is remedied through appeal. *State ex rel. Ross v. State,* 102 Ohio St.3d 73, 2004-Ohio-1827, 806 N.E.2d 533, and *State ex rel. Brady v. Russo,* 8th Dist. Cuyahoga No. 89552, 2007-Ohio-3277

{¶ 8} Relator also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844

N.E.2d 842; *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420; and *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378 — the defect may not be cured by subsequent filings.

{¶ 9} Accordingly, this court grants the respondent's motion to dismiss and dismisses the application for a writ of mandamus. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 10} Writ dismissed.

_____

CORNELIUS J. O'SULLIVAN, JR., JUDGE

SEAN C. GALLAGHER, A.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR