[Cite as *State ex rel. Whittington v. Sutula*, 2023-Ohio-1486.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL.
DARRYL M. WHITTINGTON,       :

      Relator,           :

                                No. 112537

      v.                :

JUDGE JOHN D. SUTULA,      :

      Respondent.       :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** May 2, 2023

---

Writ of Mandamus
Motion No. 563286
Order No. 563916

---

### *Appearances:*

Darryl M. Whittington, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Relator, Darryl M. Whittington, seeks a writ of mandamus directing respondent, Judge John D. Sutula, to award 940 days of jail-time credit pursuant to

motions relator filed in two criminal cases over which respondent presided. Because respondent has ruled on the pending motions, relator has received all the relief in this action to which he is entitled. This renders the claim for relief in mandamus moot. Respondent's motion for summary judgment is granted, and the request for writ of mandamus is denied.

## I. Background

{¶ 2} Relator filed a complaint for writ of mandamus on March 22, 2023. There, he alleged that he was convicted and sentenced in two criminal cases, *State v. Whittington*, Cuyahoga C.P. No. CR-13-571721-B, and *State v. Whittington*, Cuyahoga C.P. No. CR-13-575429-A. The sentencing entry in CR-13-571721-B, the only one attached to relator's complaint, awarded relator 455 days of jail-time credit. Relator has asserted that he is entitled to a total of 940 days of credit and has filed motions over the years asserting the same. According to the complaint, on November 28, 2022, he filed motions for jail-time credit in both cases. At the time the complaint was filed, no rulings on the motions had been journalized. Relator asked this court to order respondent to rule on these motions and sought an order from this court directing respondent to award the full amount of credit requested.

{¶ 3} On March 31, 2023, respondent filed a motion for summary judgment. There, respondent argued that rulings had been journalized on both motions on March 30, 2023, awarding 467 days of credit in CR-13-571721-B and 465 days of credit in CR-13-575429-A. Certified copies of these entries were attached to the motion for summary judgment, and the entries were further authenticated by an

affidavit from a Cuyahoga County Assistant Prosecuting Attorney. Respondent argued that as a result of these entries, relator's action has become moot. Relator did not timely respond to the motion for summary judgment.

## II. Law and Analysis

### A. Requirements for Writ of Mandamus

{¶ 4} A writ of mandamus may be issued when relators show by clear and convincing evidence that they have a right to the requested relief, that respondent has a legal duty to provide the relief, and that relators possess no adequate remedy at law. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 7, citing *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections*, 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12. "[M]andamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 5.

{¶ 5} The case is before this court on respondent's motion for summary judgment. Pursuant to Civ.R. 56(C), summary judgment shall be rendered forthwith if, after viewing all evidence most strongly in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See also Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

## B. Mootness

{¶ 6} A claim for writ of mandamus may be rendered moot when the available relief is attained. *Patterson v. Cuyahoga Cty. Common Pleas Court*, 8th Dist. Cuyahoga No. 107755, 2019-Ohio-110, ¶ 11, citing *State ex rel. Jerninghan v. Court of Common Pleas*, 74 Ohio St.3d 278, 658 N.E.2d 723 (1996). Mandamus may not be used to compel the performance of a duty that has already been performed. *Martin v. Judges of the Lucas Cty. Court of Common Pleas*, 50 Ohio St.3d 71, 72, 552 N.E.2d 906 (1990), citing *State ex rel. Breaux* v. *Court of Common Pleas*, 50 Ohio St. 2d 164, 363 N.E. 2d 743 (1977).

{¶ 7} Here, respondent has ruled on the motions for jail-time credit that were pending in relator's criminal cases. This is all the relief that relator may attain in the present action. This court may not direct respondent to award a certain amount of jail-time credit when the Supreme Court of Ohio has held that "[a]lleged errors regarding an award of jail-time credit are not cognizable in mandamus[.]" *State ex rel. Sands v. Culotta*, 165 Ohio St.3d 172, 2021-Ohio-1137, 176 N.E.3d 735, ¶ 12. This is because "the inmate may raise that issue in his direct appeal of his criminal conviction, *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St. 3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶10, or in a postsentence motion to correct jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii)." *Id*. The resolution of a motion for jail-time credit results in a final, appealable order capable of appellate review. *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 13. This constitutes an adequate remedy at law, precluding relief in mandamus. Therefore,

any error in the amount of jail-time credit awarded by respondent cannot be addressed in the present action.

{¶ 8} Respondent's motion for summary judgment is granted. Relator's request for writ of mandamus is denied as moot. Costs to respondent; costs waived. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 9} Writ denied.

_____
EILEEN T. GALLAGHER, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR