[Cite as *In re Petition of Hicks v. Russo*, 2025-Ohio-2077.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE PETITION OF
LAUREN HICKS,

    Relator,

    v.

JUDGE JOHN J. RUSSO,

    Respondent.

:
:
:
:
:
:
:

No. 115186

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  PETITION DISMISSED
**DATED:**  June 11, 2025

---

Writ of Mandamus
Order No. 585162

---

### *Appearances:*

Lauren Hicks, *pro se.*

EILEEN T. GALLAHER, J.:

{¶ 1} Relator, Lauren Hicks, pro se, has filed a petition for a writ of mandamus, seeking to compel respondent, Judge John J. Russo, to issue rulings in an underlying foreclosure action that has been filed against her, in *PennyMac Loan Svcs., L.L.C. v. Hicks*, Cuyahoga C.P. No. CV-23-984447.  Because Hicks has already

received the relief she could have received through a mandamus claim, rendering her petition moot, we sua sponte, dismiss Hicks's petition.

## I. Facts and Procedural Background

{¶ 2} On April 17, 2025, Hicks, pro se, filed a "general appearance and motion to dismiss for lack of subject matter jurisdiction" ("motion to dismiss") in the underlying foreclosure action. She argued that the case should be dismissed for lack of subject-matter jurisdiction under R.C. 1901.02 and 1901.08 because "the subject property is not within the court's territorial limits." On May 19, 2025, Hicks filed (among other documents) (1) a "reply objecting to jurisdiction determination," (2) a "demand for findings of fact and conclusions of law pursuant to Ohio Civ.R. 52" related to her motion to dismiss, (3) a "motion to stay eviction proceedings pending final ruling on jurisdiction and title" ("motion to stay"), (4) a "notice of constitutional challenge to state foreclosure and eviction procedures," and (5) a "motion to certify constitutional questions to the Ohio Supreme Court" ("motion to certify constitutional questions").

{¶ 3} On June 3, 2025, Hicks filed her petition for a writ of mandamus seeking to compel respondent to (1) "[i]ssue a ruling on the territorial and subject matter challenge raised in CV-23-984447," "expressly addressing . . . [t]he territorial subject matter jurisdiction of the Court under R.C. §§ 1901.02 and 1901.18" and "[t]he constitutional implications of dispossessing Relator without adjudication of her FDCPA/FCRA claims and private shelter rights," and (2) "[s]tay all eviction and enforcement proceedings pending full adjudication of jurisdictional and

constitutional issues" in the underlying action.  Hicks attached copies of her May 19, 2025 filings and copies of rulings, dated May 20, 2025, and May 22, 2025, denying certain of her motions to her petition.

## II.  Law and Analysis

{¶ 4} A writ of mandamus is "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01.  It is an extraordinary remedy.  To be entitled to mandamus relief, the relator must establish by clear and convincing evidence that (1) he or she has a clear legal right to the requested relief, (2) the respondent has a clear legal duty to provide that relief, and (3) the lack of an adequate remedy in the ordinary course of the law.  *State ex rel. Schwarzmer v. Mazzone*, 2025-Ohio-1246, ¶ 10; *State ex rel. Duncan v. Chambers-Smith*, 2025-Ohio-978, ¶ 10.

{¶ 5} A writ of mandamus may be used to compel a court to act, but it cannot generally be used to dictate the action the court takes.  *See* R.C. 2731.03 ("The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion.").  Although a writ of mandamus may be used to require a judge to issue a ruling on a particular matter, it cannot be used to control what decision is issued.  *Wesley v. Cuyahoga Cty. Court of Common Pleas*, 2020-Ohio-4921, ¶ 10 (8th Dist.); *Clough v. Lawson*, 2012-Ohio-5831, ¶ 9 (11th Dist.) ("'[I]n the context of cases involving a judge's duty to rule upon pending motions . . . [a writ of mandamus] cannot be used

as a means of mandating a trial judge's holding on a particular matter; that is, while the writ will lie to require a judge to dispose of a pending motion, it will not lie to require a specific ruling.'"), quoting *State ex rel. Verbanik v. Girard Mun. Court Judge Bernard*, 2007-Ohio-1786, ¶ 6 (11th Dist.).

{¶ 6} Further, a writ of mandamus will not compel the performance of a duty that has already been performed. *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 15.

{¶ 7} "A court 'may dismiss a complaint sua sponte and without notice when the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.'" *State ex rel. Allen v. Goulding*, 2019-Ohio-858, ¶ 6, quoting *State ex rel. Brooks v. O'Malley*, 2008-Ohio-1118, ¶ 5; *see also State ex rel. Dodson v. Phipps*, 2024-Ohio-4928, ¶ 12. A complaint is subject to dismissal sua sponte when, after presuming the truth of all material factual allegations of the relator's petition and making all reasonable inferences in his or her favor, it appears beyond doubt that that the relator is not entitled to the extraordinary relief requested. *State ex rel. Neal v. Mandros*, 2020-Ohio-4866, ¶ 8, citing *State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 14; *State ex rel. Collins v. Kilbane*, 2023-Ohio-1577, ¶ 4 (8th Dist.).

{¶ 8} Based on our review of the documents Hicks attached to her petition and the publicly available online docket for the common pleas court in the underlying case, respondent denied Hicks's motion to dismiss on May 5, 2025.[1]

---

[1] An event that causes a case to become moot may be proved by extrinsic evidence outside the record. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000) (appellate court may take judicial notice that a writ action is moot); *see also State ex rel. Fischer Asset*

Respondent denied Hicks's motion to certify constitutional questions on May 20, 2025, and denied her demand for findings of fact and conclusions of law and motion to stay on May 22, 2025.

{¶ 9} In support of her contention that "[m]andamus is appropriate where a judge fails to rule on a jurisdictional challenge, or refuses to adjudicate a fundamental constitutional right," Hicks cites to "*State ex rel. Watkins v. Fiorenzo*, 114 Ohio App.3d 227 (1996)." That is not a proper citation. The citation to "114 Ohio App.3d 227 (1996)," is part of *State v. Owen*, 114 Ohio App.3d 226 (12th Dist. 1996), in which the appellate court affirmed the trial court's judgment granting the defendant's motion to suppress evidence where the defendant was charged with driving under the influence. Even if Hicks had intended to refer to *State ex rel. Watkins v. Fiorenzo*, 71 Ohio St.3d 259 (1994), in that case, the Ohio Supreme Court granted a peremptory writ of quo warranto removing the respondent from his position as Trumbull County Engineer after he was found guilty of theft in office. Neither of those cases has any application here.

{¶ 10} Given that respondent had already ruled on Hicks's motions when she filed her petition, Hicks has already received all the relief she could have received through her mandamus claim, rendering her petition moot. *See, e.g., State ex rel.*

---

*Mgmt., L.L.C. v. Scott*, 2023-Ohio-3891, ¶ 3, fn. 1 (8th Dist.) (observing, in original action, that "[t]his court is permitted to take judicial notice of court filings that are readily accessible from the internet"); *Patterson v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-110, ¶ 2, fn. 1 (8th Dist.) (setting forth procedural history relevant to mandamus action based on review of "publicly available dockets"), citing *Cornelison v. Russo*, 2018-Ohio-3574, ¶ 8, fn. 2 (8th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8.

*S.Y.C.*, 2024-Ohio-1387, at ¶ 15-16; *compare State ex rel. Dodson*, 2024-Ohio-4928, at ¶ 11-14 (where relator sought a writ of procedendo compelling respondent to record or journalize jury-verdict forms related to his kidnapping convictions and attached to his complaint a copy of respondent's entry denying relator's motion to record and journalize jury-verdict forms, relator's request was "moot" because he had "already received the only relief obtainable under his claim"). As such, Hicks "obviously cannot prevail" on her mandamus claim and her petition is properly subject to sua sponte dismissal. *State ex rel. Cleve v. Sutula*, 2022-Ohio-2590, ¶ 14 (8th Dist.) ("A court may sua sponte dismiss a moot action. . . . In such a case, claimants obviously cannot prevail because there is no relief for the court to order.").

{¶ 11} Further, Hicks has not properly captioned her petition "in the name of the state on the relation of the person applying" as required under R.C. 2731.04 and her petition does not comply with Civ.R. 10(A), which requires a relator to list the parties' respective addresses in the case caption — providing further grounds for dismissal. *Shoop v. State*, 2015-Ohio-2068, ¶ 10 ("[A] petition for a writ of mandamus may be dismissed for failure to bring the action in the name of the state."); *Nikooyi v. Cuyahoga Cty. Prosecuting Dept.*, 2020-Ohio-3730, ¶ 5-7 (8th Dist.) (identifying failure to comply with R.C. 2731.04 and Civ.R. 10(A) as grounds for dismissal).

{¶ 12} Accordingly, we, sua sponte, dismiss relator's petition for a writ of mandamus. Costs assessed against relator; costs waived. The clerk is directed to

serve on all parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 13} Petition dismissed.

_____
EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY J. BOYLE, J., CONCUR