**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mason v. Supervisor of Edn., Warren Corr. Inst.*, Slip Opinion No. 2025-Ohio-4803.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4803

THE STATE EX REL. MASON, APPELLANT, *v.* SUPERVISOR OF EDUCATION, WARREN CORRECTIONAL INSTITUTION, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mason v. Supervisor of Edn., Warren Corr. Inst.*, Slip Opinion No. 2025-Ohio-4803.]**

*Public-records requests—Mandamus—Prior-civil-actions affidavit that inmate filed under R.C. 2969.25(A) when he commenced mandamus action was deficient for his failure to specify court in which he had filed one of his previous cases—Inmate's omission was not cured by his amendment of affidavit, because a compliant affidavit was due when original complaint was filed—Court of appeals correctly granted prison's motion to dismiss but erred in dismissing action with prejudice—Judgment reversed and cause remanded for entry of dismissal without prejudice.*

(No. 2025-0275—Submitted June 24, 2025—Decided October 23, 2025.)

APPEAL from the Court of Appeals for Warren County, No. CA2024-11-082.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, David Mason, petitioned the Twelfth District Court of Appeals for a writ of mandamus ordering appellee, the supervisor of education at Warren Correctional Institution ("WCI"), to produce public records Mason had requested. WCI moved to dismiss, asserting that the affidavit of prior civil actions that Mason had filed under R.C. 2969.25(A) was deficient. Mason filed an amended complaint with a corrected affidavit, but the Twelfth District granted WCI's motion and dismissed the action with prejudice. The court was right to dismiss the action but not to do so with prejudice. We therefore reverse the Twelfth District's judgment and remand the case to that court with instructions that it enter a dismissal without prejudice.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} Mason is incarcerated at North Central Correctional Complex. He sent WCI a public-records request, and after WCI failed to respond, he filed a complaint in the Twelfth District, seeking a writ of mandamus to compel access to the requested records. As an inmate filing a civil action against a government entity, Mason was required to file at the time he commenced the action an affidavit providing certain specified details about all civil actions and appeals that he filed in the previous five years, including the court in which each action or appeal was filed. R.C. 2969.25(A). Mason submitted an affidavit describing three actions he had filed, but in his description of the second case, he alleged that no case number had been assigned and he did not indicate in which court he had filed the case.

{¶ 3} On December 24, 2024, WCI moved to dismiss Mason's complaint, arguing that his affidavit was deficient because R.C. 2969.25(A) required him to list the court in which he brought each action. That same day, Mason filed an

amended complaint with an amended affidavit attached that indicated the court in which each case was filed. The amended complaint did not contain a certificate of service, as the Civil Rules require of pleadings subsequent to the original complaint. *See* Civ.R. 5.

{¶ 4} The Twelfth District dismissed the mandamus action with prejudice. 5th Dist. No. CA2024-11-082, 2 (Feb. 3, 2025). It held that the affidavit Mason had filed with the original complaint was deficient due to the omitted case number. *Id.* at 1. And the amended complaint and its attached affidavit, the court held, were ineffective because the filing did not contain a certificate of service. *Id.* at 2.

{¶ 5} On appeal, Mason argues that the cases listed in the original affidavit were "outside the complaint" and therefore not a proper basis for dismissal. He adds that the second case listed in the original affidavit had not yet been filed when he swore to the original affidavit and that the case therefore did not even need to be included in the affidavit. He next argues that he was not required to file a certificate of service along with his amended complaint under Civ.R. 5, because the amended complaint is not a "pleading subsequent to the original complaint," Civ.R. 5(A). Mason asserts that the amended complaint supersedes the original complaint and therefore cannot be considered to be subsequent to it. And he rejects the Fifth District's characterization of a motion to dismiss as a responsive pleading and asserts that even if the court was right to dismiss the action, it should have done so without prejudice.

## ANALYSIS

{¶ 6} "'The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.'" *State ex rel. Norris v. Giavasis*, 2003-Ohio-6609, ¶ 4, quoting *State ex rel. White v. Bechtel*, 2003-Ohio-2262, ¶ 5. The affidavit required under R.C. 2969.25(A) must be filed when "an inmate commences a civil action or appeal against a government entity or employee."

{¶ 7} It is not disputed that in the original affidavit that Mason submitted, he failed to identify the court in which the second case he listed was filed. He argues, however, (1) that he was not required to list that case at all, because it had not yet been filed and (2) that even if he was required to list the case, the amended affidavit he filed with the amended complaint fixed the issue. Both arguments fail.

{¶ 8} Mason is correct that R.C. 2969.25(A) requires an affidavit of prior civil actions to include only cases that have already been filed at the time the affidavit is executed. The evidence in the record, however, does not support his assertion that he had not yet filed the case that he insufficiently described in his original affidavit. In this appeal, Mason has submitted a mailing slip as evidence of the filing date of the case he insufficiently described in his original affidavit. But a reviewing court cannot add matter to the record before it and then decide the appeal on the basis of the new matter. *State ex rel. Brantley v. Ghee*, 1997-Ohio-116, ¶ 3. Regardless, the date on the slip shows that Mason sent something to the Allen County Clerk of Courts two days after he signed the original affidavit, but the slip does not prove that what he sent was the complaint in the case he insufficiently described in his affidavit.

{¶ 9} Nor can Mason rely on his amended complaint as having cured his noncompliance with R.C. 2969.25(A). A compliant affidavit had to be filed at the time Mason commenced his mandamus action, which occurred at the time of filing of his original complaint, not his amended complaint. He cannot cure a defect in his original affidavit by subsequent amendment, even if the amended affidavit accompanies the amended complaint. *See State ex rel. Jackson v. Calabrese*, 2015-Ohio-2918, ¶ 5 (determining that R.C. 2969.25 did not permit the relator to "amend a complaint to include" the balance statement required by R.C. 2969.25(C)).

{¶ 10} The affidavit requirements of R.C. 2969.25(A) are satisfied by strict compliance, not by mere substantial compliance. *State ex rel. Swanson v. Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6. Because the affidavit Mason filed at the

4

time he commenced his mandamus action did not specify the court in which he had filed one of his previous cases as the statute requires, the affidavit was deficient. And because a compliant affidavit was due at the time the original complaint was filed, the omission could not be cured at a later date. The Twelfth District was right to dismiss Mason's case.

**{¶ 11}** But the Twelfth District dismissed Mason's mandamus action with prejudice. "[A] dismissal for failure to meet the requirements of R.C. 2969.25 is not a dismissal on the merits." *State ex rel. Watkins v. Andrews*, 2015-Ohio-1100, ¶ 8. A dismissal of a case that is not on the merits must be without prejudice. *See Fletcher v. Univ. Hosps. of Cleveland*, 2008-Ohio-5379, ¶ 18. Although an inmate's failure to comply with R.C. 2969.25(A) requires dismissal, the dismissal is not on the merits and is therefore without prejudice. *State ex rel. Walker v. Bolin*, 2024-Ohio-5126, ¶ 7 (dismissal not on merits is without prejudice), citing *Watkins* at ¶ 8 and R.C. 2305.19(A)). The Twelfth District was wrong to conclude otherwise.

## CONCLUSION

**{¶ 12}** Mason has failed to show that he complied with R.C. 2969.25(A) when he commenced his mandamus action. The Twelfth District was correct to dismiss his case on that basis. But dismissals for the failure to satisfy the affidavit requirements of R.C. 2969.25(A) must be without prejudice. We therefore reverse the Twelfth District Court of Appeals' dismissal of Mason's action with prejudice and remand to that court with instructions that it enter a dismissal without prejudice.

Judgment reversed
and cause remanded.

————————————

David Mason, pro se.

Dave Yost, Attorney General, and Adam Beckler, Assistant Attorney General, for appellee.

_____