[Cite as *State ex rel. Powell v. Sheehan*, 2026-Ohio-269.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. CARLIN U. POWELL,　:

　　Relator,　　　　　　:　　　　No. 115809

　　v.　　　　　　　　:

BRENDAN SHEEHAN JUDGE,　　:

　　Respondent.　　　　:

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION DISMISSED
**DATED:** January 28, 2026

---

Writ of Mandamus
Motion No. 590554
Order No. 589949

---

### *Appearances:*

Carlin U. Powell, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, *for respondent.*

SEAN C. GALLAGHER, J.:

{¶ 1} Relator Carlin U. Powell, pro se, has filed a petition for a writ of mandamus, seeking to compel respondent Judge Brendan Sheehan to grant him additional jail-time credit in his underlying criminal case, *State v. Powell*, Cuyahoga

C.P. No. CR-15-598275-A. Powell contends that he is entitled to a total of 718 days of jail-time credit (including an additional 576 days of jail-time credit for time spent in the Cuyahoga County jail from May 26, 2016, to May 17, 2018) instead of the 142 days of jail-time credit he received. He contends that if he had been given the full amount of jail-time credit to which he was entitled, he would have already completed his sentence.

{¶ 2} Because, for the reasons that follow, it appears beyond doubt Powell cannot prevail on his mandamus claim, we grant respondent's motion to dismiss his petition.

## I. Factual and Procedural Background[1]

{¶ 3} In 2016, Powell was imprisoned in North Carolina. In May 2016, he was transported to the Cuyahoga County jail pursuant to the Interstate Agreement on Detainers, to await trial on charges in the underlying criminal case. Visiting Judge Joseph Gibson was assigned to the case in November 2017 "because of a conflict with the Cuyahoga County Common Pleas Court Judges."

{¶ 4} In 2018, following a jury trial, Powell was found guilty of rape, kidnapping with a sexual motivation specification, and corruption of a minor and

---

[1] This background is based on the allegations of Powell's petition and our review of the publicly available, online docket in the underlying action. *See State ex rel. Fischer Asset Mgt., LLC v. Scott*, 2023-Ohio-3891, ¶ 3, fn. 1 (8th Dist.) (observing, in original action, that "[t]his court is permitted to take judicial notice of court filings that are readily accessible from the internet"); *Patterson v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-110, ¶ 2, fn. 1 (8th Dist.) (setting forth procedural history relevant to mandamus action based on review of "publicly available dockets"), citing *Cornelison v. Russo*, 2018-Ohio-3574, ¶ 8, fn. 2 (8th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8.

sentenced to an aggregate prison sentence of 10.5 years. The May 14, 2018 sentencing entry granted Powell 137 days of jail-time credit. (At some later time, Powell received several additional days of jail-time credit, resulting in a total of 142 days of jail-time credit.) Powell appealed his convictions but did not raise an issue in his direct appeal regarding jail-time credit. This court affirmed his convictions. *State v. Powell*, 2019-Ohio-4345 (8th Dist.).

{¶ 5} On June 15, 2018, Powell, pro se, filed a motion for jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii), seeking additional jail-time credit for the time he spent in the Cuyahoga County jail from May 26, 2016, to May 17, 2018. He filed additional, similar motions for jail-time credit in 2021 and 2025. With respect to each motion, an order was entered, "per Judge Joseph Gibson" or "per Visiting Judge Joseph Gibson," denying the motion.[2] Where an explanation for the denial was provided, the trial court indicated that Powell had been convicted and sentenced for a different offense in North Carolina; that this was the reason for Powell's incarceration during the disputed period of time; and that Ohio courts had previously rejected Powell's argument based on the Interstate Agreement on Detainers, citing *State v. Lawrence*, 111 Ohio App.3d 44, 46-47 (6th Dist. 1996).[3] Powell did not appeal any of these rulings.

---

[2] Respondent is not the judge assigned to the underlying criminal case; however, as administrative judge, he has signed certain entries in the case on behalf of Visiting Judge Joseph Gibson.

[3] With respect to Powell's first motion for jail-time credit, the State initially filed a response in which it stated that it did not oppose the trial court crediting Powell with a total of 718 days of jail-time credit. The trial court initially granted Powell's motion and awarded

**{¶ 6}** On November 12, 2025, Powell, pro se, filed a petition for a writ of mandamus seeking to compel respondent to "grant relator all the time served in the Cuyahoga County Correctional Center, for this conviction . . . pursuant to Article V(f) of the Interstate Agreement on Detainers Act." Powell alleges that he is entitled to an additional 576 days of jail-time credit from May 26, 2016, when he was admitted to the Cuyahoga County Correctional Center, until May 17, 2018, when he was transferred to the Lorain Correctional Institution. Although in his petition, Powell acknowledges that, in November 2017, Visiting Judge Joseph Gibson was assigned, by order of the Ohio Supreme Court, to handle proceedings in the case, Powell asserts that "there is no other way to get the remedy asked for" because of a conflict of interest between Powell and the judges of the Cuyahoga County Common Pleas Court. In support of his petition, Powell attached copies of (1) correspondence from the North Carolina Department of Public Safety dated March 9, 2016, regarding Powell's request to be brought to trial in Cuyahoga County pursuant to the Interstate Agreement on Detainers; (2) the Cuyahoga County prosecutor's response, accepting temporary custody of Powell; (3) excerpts of the online docket from the underlying case; and (4) a notice from the Ohio Department of Rehabilitation and Correction

him a total of 718 days of jail-time credit. The State then filed a motion to withdraw its prior response and an opposition to additional jail-time credit, indicating that the State had "miscalculated the applicable jail time in its initial response," that Powell was "not entitled to any additional jail time credit," and that "the time spent serving his prison sentence in North Carolina should not be credited." On August 16, 2018, the trial court vacated its prior entry granting Powell additional jail-time credit "to allow additional motion practice." On October 24, 2018, the trial court, "per Judge Joseph Gibson," denied Powell's motion for jail-time credit. Powell did not appeal that ruling.

dated October 22, 2018, reflecting 718 days of jail-time credit. Powell's petition was unsigned; however, he submitted an affidavit of verity with his petition, attesting to the truth and accuracy of the allegations contained therein. Powell's petition was accompanied by an affidavit of civil filings in which Powell purported to list all the civil actions he had filed in the previous five years.

{¶ 7} On December 12, 2025, respondent filed a motion to dismiss relator's complaint. Respondent contends that relator's complaint should be dismissed on the grounds that (1) it fails to state a claim upon which relief in mandamus can be granted pursuant to Civ.R. 12(B)(6) and (2) relator has failed to comply with the requirements of R.C. 2969.25(A) because Powell's affidavit of civil filings is inaccurate and incomplete.

{¶ 8} Relator has not filed a timely opposition to the motion to dismiss.

## II. Law and Analysis

### A. Standard for Dismissal under Civ.R. 12(B)(6)

{¶ 9} "'Dismissal of a mandamus action under Civ.R. 12(B)(6) is appropriate if, after presuming all factual allegations in the complaint to be true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that relator can prove no set of facts entitling him to a writ of mandamus.'" *State ex rel. Roush v. Hickson*, 2024-Ohio-4741, ¶ 8, quoting *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-2071, ¶ 8. "'[U]nsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss.'" *Id.*, quoting *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12.

## B. Standard for a Writ of Mandamus

{¶ 10} A writ of mandamus is "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. It is "an extraordinary remedy that is to be exercised with caution and only when the right is clear." *State ex rel. Tobias v. Fuerst*, 2022-Ohio-3556, ¶ 5 (8th Dist.). To be entitled to mandamus relief, the relator must establish by clear and convincing evidence that (1) he or she has a clear legal right to the requested relief, (2) the respondent has a clear legal duty to provide that relief, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Schwarzmer v. Mazzone*, 2025-Ohio-1246, ¶ 10; *State ex rel. Duncan v. Chambers-Smith*, 2025-Ohio-978, ¶ 10.

{¶ 11} A writ of mandamus may be used to compel a court to act, but it cannot generally be used to dictate the action the court takes. *See* R.C. 2731.03 ("The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion."). Thus, although a writ of mandamus may be used to require a judge to issue a ruling on a particular matter, it cannot be used to control what decision is issued. *Wesley v. Cuyahoga Cty. Court of Common Pleas*, 2020-Ohio-4921, ¶ 10 (8th Dist.); *Clough v. Lawson*, 2012-Ohio-5831, ¶ 9 (11th Dist.) ("'[I]n the context of cases involving a judge's duty to rule upon pending motions . . . [a writ of mandamus] cannot be used as a means of mandating a trial judge's holding on a particular matter; that is, while

the writ will lie to require a judge to dispose of a pending motion, it will not lie to require a specific ruling.'"), quoting *State ex rel. Verbanik v. Girard Mun. Court Judge Bernard*, 2007-Ohio-1786, ¶ 6 (11th Dist.). "'[M]andamus does not lie to correct errors and procedural irregularities in the course of a case'" and "cannot be used as a substitute for an appeal." *State ex rel. Collins v. Kilbane*, 2023-Ohio-1577, ¶ 5 (8th Dist.), quoting *State ex rel. Scott v. Gall*, 2020-Ohio-929, ¶ 7 (8th Dist.). Further, a writ of mandamus will not compel the performance of a duty that has already been performed. *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 15.

{¶ 12} In this case, after presuming the truth of all the material factual allegations of Powell's petition and drawing all reasonable inferences in his favor, it appears beyond doubt that Powell cannot prevail on his mandamus claim.

{¶ 13} A review of the docket in the underlying case shows that the trial court specified the number of days of jail-time credit to which Powell was entitled in its sentencing journal entry and had already ruled on all motions for jail-time credit Powell had filed before he filed his petition. As such, to the extent Powell seeks to compel a ruling on his motions for jail-time credit, his petition is moot and properly subject to dismissal.[4] *See, e.g., Hicks v. Russo*, 2025-Ohio-2077, ¶ 10 (8th Dist.) (where respondent had already ruled on relator's motions when she filed her petition, relator has already received all the relief she could have received through

---

[4] A court may take judicial notice that a writ action is moot based on extrinsic evidence, including review of a publicly available, online docket. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000); *Manning v. Gallagher*, 2025-Ohio-2781, ¶ 2, 12-13, fn. 1 (8th Dist.).

her mandamus claim, rendering her petition moot), citing *State ex rel. S.Y.C.* at ¶ 15-16; *State ex rel. Whittington v. Sutula*, 2023-Ohio-1486, ¶ 7 (8th Dist.) (where respondent had ruled on the motions for jail-time credit in relator's criminal cases, this was "all the relief that relator may attain" in his mandamus action; "[t]his court may not direct respondent to award a certain amount of jail-time credit").

{¶ 14} Further, with respect to the use of mandamus to compel an award of jail-time credit or to correct the amount of jail-time credit awarded, the Ohio Supreme Court has stated:

> Alleged errors regarding an award of jail-time credit are not cognizable in mandamus, because the inmate may raise that issue in his direct appeal of his criminal conviction, . . . or in a postsentence motion to correct jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii). Because there is an adequate remedy in the ordinary course of the law, a writ of mandamus against the sentencing judge will not lie. *See State ex rel. Jones v. O'Connor*, 84 Ohio St.3d 426, 704 N.E.2d 1223 (1999)[.]

*State ex rel. Sands v. Culotta*, 2021-Ohio-1137, ¶ 12; *see also State ex rel. Tobias*, 2022-Ohio-3556, ¶ 6 (8th Dist.).

{¶ 15} "[T]he denial of a motion for jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii) is a final, appealable order." *State v. Thompson*, 2016-Ohio-2769, ¶ 13. Powell, therefore, has or had an adequate remedy at law by raising the issue of incorrect calculation of jail-time credit in the direct appeal of his criminal convictions, by appealing the denial of his motion for jail-time credit, and/or by seeking leave to file a delayed appeal of the denial of his motion for jail-time credit

pursuant to App.R. 5(A).[5]  *See, e.g., State ex rel. Sands* at ¶ 12; *State ex rel. Whittington* at ¶ 7 ("The resolution of a motion for jail-time credit results in a final, appealable order capable of appellate review. . . . This constitutes an adequate remedy at law, precluding relief in mandamus.  Therefore, any error in the amount of jail-time credit awarded by respondent cannot be addressed in the present action."); *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 2015-Ohio-2356, ¶ 10 (10th Dist.) (Relator had an adequate remedy at law where he could have appealed his sentence directly and "utilized the statutory process for correcting 'any error' in determining jail-time credit . . . by filing with the trial court a motion to order proper application of jail-time credit and did not appeal from the trial court's decision to deny his jail-time credit motion."); *see also State v. Armstrong*, 2017-Ohio-8070 (8th Dist.) (entertaining delayed appeal of order denying motion to correct jail-time credit); *State v. Deese*, 2024-Ohio-936, ¶ 3 (10th Dist.) (same).

{¶ 16} The fact that Powell did not appeal does not render his legal remedy inadequate or entitle him to mandamus relief.  "Where one who seeks a writ of

---

[5] Res judicata may apply to successive motions for jail-time credit that raise the same errors.  *See, e.g., State v. Tapp*, 2018-Ohio-4120, ¶ 14 (8th Dist.) ("'[R]es judicata bars [a defendant's] attempted use of a second motion to correct jail-time credit as a substitute for a timely appeal.'"), quoting *State v. Wilson*, 2017-Ohio-8068, ¶ 14 (8th Dist.); *State v. Adams*, 2022-Ohio-1645, ¶ 27-30 (5th Dist.) ("Res judicata is applicable to bar successive motions for jail-time credit.").  Thus, when seeking leave to file a delayed appeal, the order to be appealed is generally the first motion that denied jail-time credit.  *See State ex rel. Krouskoupf v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-1310, ¶ 15-26 (5th Dist.) (complaint for writ of mandamus dismissed where relator could have appealed amended judgment entry that awarded him 70 days of jail-time credit or judgment entry that denied his first motion requesting jail-time credit).

mandamus has or had an adequate remedy at law, even where it was not used, a writ will not issue." *State v. Malone*, 2024-Ohio-6195, ¶ 12 (8th Dist.); *see also State ex rel. Hester v. Crush*, 75 Ohio St.3d 563, 564 (1996) (appeal remains an adequate remedy "[e]ven though the time for an ordinary appeal has expired").

{¶ 17} As such, Powell cannot prevail on his mandamus claim, and his petition is properly dismissed.

## C. Failure to Fully Comply with R.C. 2969.25(A)

{¶ 18} In addition, Powell's complaint is subject to dismissal based on his failure to fully comply with R.C. 2969.25(A). *State ex rel. Mason v. Supervisor of Edn., Warren Corr. Inst.*, 2025-Ohio-4803, ¶ 6-10.

{¶ 19} R.C. 2969.25(A) requires an inmate filing a civil action against a government entity or employee to file an affidavit listing all civil actions or appeals of a civil action the inmate has filed in any state or federal court in the previous five years. The affidavit must be filed at the time the inmate "commences a civil action" against the government entity or employee and "shall include" the following information for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal; [and]

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or

a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A). An inmate cannot cure a defect in his or her affidavit by subsequent amendment. *Mason* at ¶ 9-10.

{¶ 20} Respondent claims that Powell's affidavit of civil filings does not comply with R.C. 2969.25(A) and that Powell's petition is, therefore, subject to dismissal because Powell (1) failed to include three federal appeals he had filed in the Sixth Circuit Court of Appeals — *Powell v. Forshey*, 6th Cir. No. 23-3254, *Powell v. Forshey*, 6th Cir. No. 23-3255, and *Powell v. Forshey*, 6th Cir. No. 23-3316 — and (2) "falsely state[d]" that a similar mandamus action Powell had filed in the Ohio Supreme Court, Case No. 2025-0744, on June 3, 2025, seeking nearly identical relief as this action, was captioned as "Carlin U. Powell v. Jay Forshey, Warden" and that the parties to that case were "Warden Jay Forshey, Edward Fadel, Mary Frey, Nichole DiSanto," when, in fact, the petition was filed against respondent and captioned as "State ex rel. Carlin U. Powell v. Brendan Sheehan Judge."[6]

{¶ 21} The requirements of R.C. 2969.25 are mandatory, and an inmate's failure to comply with those requirements warrants dismissal of the inmate's action. *Mason* at ¶ 6; *State ex rel. Harris v. Schwendeman*, 2025-Ohio-4769, ¶ 20.

---

[6] A review of the Ohio Supreme Court's public online docket shows that the Ohio Supreme Court granted respondent's motion to dismiss on August 20, 2025, *State ex rel. Powell v. Sheehan*, *8/20/2025 Case Announcements*, 2025-Ohio-2934, and denied relator's motion for reconsideration on October 14, 2025, *State ex rel. Powell v. Sheehan*, *10/14/2025 Case Announcements*, 2025-Ohio-4678, shortly before relator filed the instant petition.

{¶ 22} Further, R.C. 2969.25(A) requires strict compliance, not substantial compliance. *Harris* at ¶ 21. "'[A]n affidavit that lists some, but not all, prior actions is subject to dismissal.'" *Id.* (court of appeals did not err in dismissing mandamus action based on relator's failure to timely disclose 2022 federal appeal), quoting *State ex rel. Swanson v. Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6; *see also State ex rel. Harris v. Trelka*, 2025-Ohio-4453, ¶ 4-9 (affidavit that failed to include a description of appeal inmate filed was incomplete under R.C. 2969.25(A), warranting dismissal of mandamus action); *State ex rel. Neguse v. McIntosh*, 2020-Ohio-3533, ¶ 12 ("[F]ailure to file an affidavit that strictly complies with R.C. 2969.25(A) is a sufficient ground for dismissal."); *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-5424 (10th Dist.) (petition dismissed where the affidavit of prior civil actions was "not accurate").

{¶ 23} Because relator has failed to strictly comply with the requirements of R.C. 2969.25(A), his petition is properly dismissed.

{¶ 24} Accordingly, we grant respondent's motion to dismiss relator's petition for a writ of mandamus. Costs assessed against relator; costs waived. The clerk is directed to serve on all parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 25} Petition dismissed.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
ANITA LASTER MAYS, J., CONCUR