[Cite as *Diebert v. Village of N. Baltimore Adm.*, 2026-Ohio-2334.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| CHERYL D. DIEBERT, et al. | Case No. 2025-00766PQ |
| Requesters | Judge Lisa L. Sadler |
| v. | <u>JUDGMENT ENTRY</u> |
| VILLAGE OF NORTH BALTIMORE ADMINISTRATION | |
| Respondent | |

{¶1} This matter is before the court on requesters' (the Dieberts) objections to the special master's May 7, 2026, report and recommendation (R&R).[1]  In her R&R the special master recommended that the court (1) grant respondent's (North Baltimore) motion to dismiss; (2) dismiss this case pursuant to R.C. 2743.75(D)(2); (3) deny the Deiberts' motion to enforce mediation confidentiality as moot[2]; and (4) order the parties to split the costs of this case.  For the reasons that follow, the court OVERRULES Diebert's objections and ADOPTS the R&R as its own.

**Background**

{¶2} On August 22, 2025, the Dieberts filed this case and another similar case, 2025-00765PQ, against the North Baltimore Police Department.  The original special master assigned to this case ordered the Dieberts to file an amended complaint to provide a description of the alleged violations of the Public Records Act, to provide the dates of each request, and to be specific as to what records have not been provided.  After an

---

[1] Because the Dieberts filed identical objections in a related case, 2025-00765PQ, the decision and entry for both cases are nearly identical.

[2] Respondent's did not raise an objection to the special master's recommendation that this motion be denied as moot.

amended complaint was filed on September 12, 2025, the cases were sent to mediation where they remained until mediation was terminated on March 5, 2026.

{¶3} On February 6, and March 17, 2026, in their motion to enforce mediation confidentiality, the Dieberts requested that the court strike any mediation communications from the record. In her R&R the special found that there were no mediation communications on the record, except for the communications in the Dieberts' motions, and therefore the motions should be denied as moot.

{¶4} After mediation was terminated, the current special master held a status conference with the parties to determine what issues remained before the court. The parties indicated that some of the requests were resolved in mediation. Therefore, with the parties' agreement, the special master ordered the Dieberts to file a second amended complaint which was to contain a detailed statement of each public records claim that was still outstanding. Following that order, the Dieberts filed two documents, neither contained a certificate of service and both of which were filed a day late.

{¶5} North Baltimore filed a motion to dismiss arguing that because the second amended complaint did not comply with the special master's order, or pleading standards, the court should dismiss the case pursuant to R.C. 2743.75(D)(2). The special master recommended dismissal pursuant to R.C. 2743.75(D)(2) because the Dieberts failed to comply with her order and the filings were deficient. First, the special master found that the filings failed to meet the deadline set forth in her order. Second, the special master found that the filings were not on the required complaint form pursuant to R.C. 2743.75(D)(1). Third, the special master determined that the filings were not styled as an amended complaint. Fourth, the special master found that the filings did not contain a certificate of service and, therefore, appear to be unserved. Finally, the special master determined that the filings did not meet basic pleading requirements because they did not provide the content of the original request, the records that the Dieberts claim should be produced, or which of the Dieberts is aggrieved in relation to each request.

{¶6} The special master determined that if the Dieberts were permitted a third opportunity to amend their complaint, that would exceed the scope of the court's expeditious and economical public-records process pursuant to R.C. 2743.75(A).

**Objections**

{¶7} The Dieberts' objections appear to contain five specific parts labeled "A", "B", "C", "D", and "F". The court will address these numerically. First, the Dieberts contend that their filings were timely filed. Second, the Dieberts assert that mediation was not in good faith and did not resolve any claims. Third, the Dieberts propose that they be allowed "to submit a Civil Rule 60 motion allowing 30 days to rectify [their] errors and submit the proper paperwork and 'cleaned up version' of requests still outstanding." Fourth, the Dieberts object to the special master's citation to *Schaffer v. Sheets*, 2024-Ohio-2185, because their case is distinguished from *Schaffer* by having fewer overall requests and their requests not being "commercial." Finally, the Dieberts request that the case be dismissed without prejudice and that the court reconsider splitting the court costs between the parties.

{¶8} North Baltimore filed a response in opposition to all of the Dieberts' objections.

*First Objection: Timeliness*

{¶9} First, the Dieberts object to the special master's finding that their filings were untimely filed pursuant to her order for them to file a second amended complaint. They state that the court received the filings on April 2, 2026. The Dieberts base this conclusion on an attached USPS tracking update which shows that an item was picked up at the post office in Columbus, Ohio on April 2, 2026.

{¶10} When the Court is reviewing objections to a special master's report and recommendation, "R.C. 2743.75(F)(2) requires this court to function as a reviewing court for the purposes of determining the objections before it." *Gannett GP Media, Inc. v. Ohio Dept. of Pub. Safety*, 2017-Ohio-4248, ¶ 8 (Ct. of Cl.). "'[A] reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.'" *Id.*, quoting *State v. Ishmail*, 54 Ohio St.3d 402 (1978). Therefore, the court cannot consider this attachment to the Dieberts' objections. Further, a check of the docket reveals that the filings were not received and file stamped by the court until April 3, 2026, at 11:55 a.m. Therefore, the court finds that

the special master did not err in finding that the filings were late.  The Dieberts' first objection is OVERRULED.

### Second Objection: Mediation

{¶11} Next, the Dieberts state that mediation did not resolve issues and "contend that the mediation was not done in good faith."  In her R&R the special master stated that she held a status conference with both parties and that both parties represented that "some of the original claims were resolved in mediation."  The Dieberts' objection appears to allege an error in this finding.  However, there is nothing in the record to support their claim.  The court finds that the special master's finding that some claims were resolved in mediation is supported by the actions of the parties, namely their participation in the status conference and the Dieberts' desire to file an amended complaint.  Further, whether or not any claims were resolved in mediation is immaterial to the special master's reasoning behind her recommendation for dismissal.  The special master correctly determined that the Dieberts failed to comply with her order for a second amended complaint and recommended dismissal on those grounds.  The court finds that even if the special master misunderstood the parties' representation at the status conference the court finds that this would have no bearing on her recommendation.  Therefore, the Dieberts' second objection is overruled.

### Third Objection: Request to Allow Civ.R. 60 Motion

{¶12} The Dieberts proposed that they be allowed an opportunity to fully comply with the special master's order and properly file an amended complaint.  They suggested that the court allow them to file a Civ.R. 60 motion to do so.  Civ.R. 60 is titled "Relief From Judgment or Order" and allows the court to correct clerical mistakes in its judgments or orders and other mistakes in a final judgment of the court.  Neither situation is present here.  Even if the court construes this as a request to file an amended complaint, as the special master pointed out in her R&R, any additional opportunities for the Dieberts to amend their complaint would exceed the scope of the court's special statutory process. This case has been pending for approximately nine months.  R.C. 2743.03(D) provides

that the Ohio Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with [R.C. Chapter 2743]." The Supreme Court of Ohio has discussed when a civil rule is inapplicable to a special statutory proceeding, stating:

> A civil rule is clearly inapplicable to a special statutory proceeding when its "'use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action.'" *Price v. Westinghouse Elec. Corp.*, 70 Ohio St.2d 131, 133, 435 N.E.2d 1114 (1982), quoting *State ex rel. Millington v. Weir*, 60 Ohio App.2d 348, 349, 397 N.E.2d 770 (10th Dist. 1978).

*Ohio Patrolman's Benevolent Assn. v. City of Cleveland*, 2024-Ohio-2651 at ¶ 17.

{¶13} Pursuant to R.C. 2743.75(A), the public-records process in this court should be "expeditious and economical." Allowing the Dieberts another opportunity to amend their complaint at this time would alter this purpose. Therefore, the court finds that the special master did not err in recommending dismissal because any further amendments would exceed the scope of this process. The court OVERRULES the Dieberts' third objection.

**Fourth Objection: Citation to Schaffer v. Sheets**

{¶14} The Dieberts object to the special master's citation of *Schaffer v. Sheets*, 2024-Ohio-2185 ¶ 59-61, adopted 2024-Ohio-2625 (Ct. of Cl.). They assert that their cases are differentiated from *Schaffer* because they are not using the records requested for a commercial use, and they requested far fewer records than the requester in *Schaffer*. However, in her R&R the special master did not use *Schaffer* to say that the Dieberts requested too many records or were abusing this statutory process. The special master cited *Schaffer* in support of the assertion that filing a public records complaint in the court of claims requires requesters to use the form prescribed by the clerk of the court of claims. R.C. 2743.75(D)(1) states that "[a]n allegedly aggrieved person who proceeds under this section shall file a complaint, on a form prescribed by the clerk of the court of claims." The portion of *Schaffer* cited by the special master states that Schaffer's failure to comply

with R.C. 2743.75(D)(1) was not excused by his pro se status. *Schaffer*, ¶ 59-61. Therefore, the court finds that the special master did not err when she cited *Schaffer* for this limited purpose. The court OVERRULES the Dieberts' fourth objection.

### *Fifth Objection: Dismissal without Prejudice and Costs*

{¶15} The Dieberts' fifth objection states: "Consider all the objection and motions from us [requesters] and if the dismissal is still granted please do so without prejudice and reconsider split cost." North Baltimore asserted in its response that "the Dieberts have established a pattern of taking actions which disregard legal rule and the fair, efficient administration or justice. Dismissal with prejudice is warranted in such cases." However, the court finds that this dismissal is not based on the merits and therefore, must be without prejudice. *See State ex rel. Mason v. Supervisor of Edn., Warren Corr. Inst.*, 2025-Ohio-4803, ¶ 11 ("[a] dismissal of a case that is not on the merits must be without prejudice"); *Thomas v. Freeman*, 79 Ohio St.3d 221, 225 (1997), fn. 2 ("[a] dismissal with prejudice is treated as an adjudication on the merits. *Tower City Properties v. Cuyahoga Cty. Bd. of Revision* (1990), 49 Ohio St. 3d 67, 69, 551 N.E.2d 122, 124"). Therefore, the court finds that the special master must have recommended that this case be dismissed without prejudice.

{¶16} As to court costs, "the Ohio Supreme Court has held that '[t]he duty to pay court costs is a civil obligation arising from an implied contract.'" *Strattman v. Studt*, 20 Ohio St.2d 95 (1969), paragraph six of the syllabus. The Ohio Supreme Court explained that "[b]y being involved in court proceedings, any litigant, by implied contract, becomes liable for the payment of court costs if taxed as a part of the court's judgment." *Id.* at 103. Additionally, under Ohio law, the "ultimate determination as to how court costs will be assessed is a matter of sound judicial discretion." *Vales v. Ins. Affiliates Agency, Inc.*, 1990 Ohio App. LEXIS 5041, at *4-5 (8th Dist. Nov. 21, 1990), citing *State ex rel. Fant v. Regional Transit Auth.*, 48 Ohio St.3d 39 (1990); *see also Accord Pfeifer v. Chief Drilling Inc.*, 1977 Ohio App. LEXIS 8865, at *28 (10th Dist. May 24, 1977) ("[a]warding of court costs lies within the discretion of the trial court"). The court finds that the special master

did not err in recommending that court costs be split by the parties. Therefore, the Dieberts' fifth objection is OVERRULED as to assessment of costs.

**Conclusion**

{¶17} For the above stated reasons, the court OVERRULES the Dieberts' objections and ADOPTS the special master's R&R as its own. Therefore, the Dieberts' motion to enforce mediation confidentiality is DENIED as moot. North Baltimore's motion to dismiss is GRANTED and this claim is DISMISSED without prejudice pursuant to R.C. 2743.75(D)(2). Court costs shall be split between the parties. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

 

_____
LISA L. SADLER
Judge

**Filed May 22, 2026**
 **Sent to S.C. Reporter 6/18/26**